UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CANADIAN STANDARDS ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>COMPUCASE CORPORATION, COMPUCASE ENTERPRISE CO., LTD., and NEWEGG INC.,<br><br>Defendants. | No.  2:10-cv-09659-VBF (AJWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to the Joint Submission of Proposed Stipulated Protective Order by the parties, Plaintiff Canadian Standards Association ("Plaintiff") and Defendants Compucase Corporation and Newegg Inc. ( "Defendants"), and finding good cause for the entry therefore, IT IS HEREBY ORDERED that all discovery in this action shall be governed by the following terms and conditions:

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information relating to Plaintiff's certification marks, testing, anti-counterfeiting procedures and protocols, and Defendants' power supply designs, and use of Defendants' certification marks for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This may include, but is not

limited to, information and documents relating to: sales and distribution data pertaining to Defendants' sales and distribution of products featuring Plaintiff's certification marks, Defendants' customers and commercial relationships, Plaintiff's certification program and Plaintiff's and Defendants' internal corporate communications regarding Plaintiff's certification marks, and anti-counterfeiting steps, processes and methods that Plaintiff uses as a product safety and testing organization.

2. The following procedure shall govern the production of all materials during discovery in this action, including without limitation, answers to interrogatories, requests for admissions, all documents produced by parties or non parties, responses to subpoenas *duces tecum*, deposition testimony, and information contained therein, and information provided during any settlement discussions (collectively, the "Discovery Materials") that are designated as confidential pursuant to Section 3 below, including all copies, excerpts, summaries and information derived from them (collectively, "Confidential Materials").

3. Any party or non party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY."

(a) Information or materials designated as "CONFIDENTIAL" shall include all information of a proprietary, business, or technical nature and trade secrets defined by Cal. Civ. Code § 3426.1 that might be of value to an actual or potential competitor of the designating party and that the designating party reasonably believes should be protected from disclosure, specifically including industry and third-party testing and certification procedures, results, files and communications; customer/client lists; pricing/fees lists; corporate financial statements and reports; electrical schematics, blueprints and parts lists; and identification and listing of manufacturing methods, procedures and steps, including any modifications.

  (b) Information or materials designated as "HIGHLY CONFIDENTIAL" shall be information described as "CONFIDENTIAL" above and of the most sensitive nature that, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party and that include, as a major portion, subject matter believed to be unknown to the receiving party or parties.

  (c) Information or materials designated as "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" shall be information that pertains to anti-counterfeiting steps, processes and methods that Plaintiff uses as a product safety and testing organization that, if disclosed to persons or companies engaged in designing, manufacturing, distributing and/or selling counterfeit products and/or products bearing one or more counterfeit marks, would reveal significant technical or business information, would aid and/or assist persons or companies to circumvent Plaintiff's anti-counterfeiting steps, processes and methods.

  (d) Information or material that is available to the public, including catalogs, advertising materials, and the like shall not be classified as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY."

4. Any party who produces documents or computer media or gives testimony in this lawsuit may designate information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" in the following manner:

  (a) <u>Designation of Documents</u>: Any "document" (defined herein as including without limitation, exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing) produced or given by any party during discovery, hearings or trial in this lawsuit that contains

any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" information (as defined above) may be designated by a party or other producing party with the notation that it is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" as appropriate. The notation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" shall be placed on every page of each document so designated.

(b) <u>Designation of Computer Media</u>: "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" information may be produced on magnetic disks or other computer-related media. However, "CONFIDENTIAL" information shall be produced separately from "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" information by labeling each disk either "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" prior to production. In the event a receiving party generates any hard copy or printout from any such disks, the receiving party must immediately stamp each page "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" as appropriate, and the hard copy or printout shall be treated as provided herein for such categories.

(c) <u>Rule 34 Production of Documents</u>: In the event a party elects to produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL items for inspection under Rule 34, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all items produced shall be considered as designated and as marked "HIGHLY CONFIDENTIAL." Upon selection of specified items for copying, the producing party may designate and mark the copies of such items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, prior to producing the copies to the inspecting

party. Items that are designated as "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" shall NOT be available for inspection.

(d) <u>Deposition Testimony</u>: Deposition testimony shall be considered "HIGHLY CONFIDENTIAL" during each deposition if not designated as "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" and for fourteen (14) business days from the date the transcript of that deposition is made available to the designating party. Within fourteen business days from the date a deposition transcript is made available, the designating party shall identify by page number and line number the portion(s) of that deposition transcript that shall be designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY." Notwithstanding the above, the parties shall be permitted to attend depositions, subject to Section 9.

(e) <u>Electronically Stored Information</u>: Documents and data maintained in electronic form in a party's ordinary course of business shall be produced in electronic form (e.g., in *.tif or *.pdf format on a CD-ROM or USB hard drive), except as otherwise provided for herein. The parties may, however, produce certain documents in native format, such as Excel spreadsheets, that do not produce well as .tif or .pdf images. To the extent that any party requests additional documents that fall under the category of inaccessible ESI, the costs of the collection and production will shift to the requesting party. In situations where electronic documents or data cannot be produced in the form in which they are ordinarily maintained due to (1) the need for proprietary software, (2) file type(s) that cannot be viewed in commonly used viewers, or (3) the need for redaction, the parties agree to meet and confer in good faith regarding whether an alternative form of production, such as native format, is necessary or appropriate under the particular circumstances. The notation "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" shall be placed on every page of each document so designated as stated above.

5.  A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party (and, if not the same person or entity, the designating party), and shall particularly identify by Bates number and set forth for each such document the specific reason the receiving party believes the designation is improper for the document that the receiving party contends should be designated differently. The parties shall use their best efforts to promptly resolve such disputes by formally holding a meet and confer by telephone (voice mail messages are insufficient) or in person. If the parties cannot reach agreement, the receiving party shall request that the Court cancel or modify a "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" designation. In any dispute raised with this Court, the producing party shall bear the burden of showing that the challenged designation was appropriate.

6.  "OUTSIDE COUNSEL - ATTORNEYS' EYES ONLY" materials shall be disclosed only to the following:

   (a)  Outside counsel that have been retained and appeared in this case, including co-counsel and employees of such attorneys to whom it is necessary that the materials be shown for purposes of this lawsuit.

   (b)  Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this lawsuit;

   (c)  Court reporters and videographers hired to record deposition testimony in this lawsuit, and support vendors hired for such services, such as copying, document management, or graphics preparation; and

   (d) Any stipulated or Court-appointed mediator, or any person so designated by the Court.

 7. "HIGHLY CONFIDENTIAL" materials may be disclosed only to the following:

   (a) Outside counsel of record for any party to this action, including employees of such attorneys to whom it is necessary that the material be shown for purposes of this lawsuit, as well as in-house litigation counsel for Defendant Newegg Inc.;

   (b) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this lawsuit;

   (c) Court reporters and videographers hired to record deposition testimony in this lawsuit, and support vendors hired for such services, such as copying, document management, or graphics preparation;

   (d) Any stipulated or Court-appointed mediator, or any person so designated by the Court; and

   (e) Actual or potential non-party experts or independent consultants, and any party employee identified (as set forth below) in good faith as an actual or potential testifying expert, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms, such agreement to be in the form of Exhibit A attached hereto. Such executed acknowledgement shall be maintained by counsel and produced upon request. Disclosure of such person to all counsel shall occur at least five (5) business days prior to any disclosure of "HIGHLY CONFIDENTIAL" information or material to such person, provided that during such five-day period, opposing counsel may object in writing, providing a detailed and specific basis for such objection, to disclosure of the "HIGHLY CONFIDENTIAL" information to such person and such objection shall bar the disclosure of the information or

material designated as "HIGHLY CONFIDENTIAL" to that person until the parties agree otherwise or until the Court rules otherwise. No objection shall be made under this section unless the objecting party has a good-faith basis for believing that the designated expert or consultant, if given access to "HIGHLY CONFIDENTIAL" information, and notwithstanding such expert's or consultant's execution of a document in the form of Exhibit A attached hereto, would or could utilize said information to the competitive detriment of the designating party in the marketplace. The parties shall attempt in good faith to resolve the issue before involving this Court. The party objecting to the disclosure of designated items to the expert or consultant shall be the moving party, and shall move the Court prior to the expiration of the five-day period for relief which will happen.

8. "CONFIDENTIAL" materials may be disclosed to any person listed in Section 7 above and, in addition, may be disclosed to a party, any officer, director, employee or former employee of a party or to any officer, director, employee or former employee of a parent, subsidiary or affiliate of a party disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this lawsuit, provided that such individual agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Order by execution of the attached Exhibit A.

9. Nothing contained in this Order shall preclude any party at a deposition from showing any Confidential Materials or disclosing information derived therefrom to any witness employed by or affiliated with the party designating such materials as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL – ATTORNEYS' EYES ONLY". Confidential Materials may be shown or disclosed to other witnesses during deposition and/or trial preparation who are authorized to receive such information by the terms of Section 6, 7 or 8 of this Order, provided that, if such disclosure is at a deposition, only those persons may be present who are authorized by the terms of this Order to

receive the Confidential Information to be disclosed to the witnesses. If a question is asked during a deposition in this lawsuit regarding or seeking information derived from Confidential Materials, a party may designate the deposition answer, prior to the answer being given, under this Order by stating on the record the level of protection desired. Once an answer to a deposition question is designated under this Order, only the following persons shall be present for the answer: (a) authorized persons corresponding to the level of protection designated; (b) the deponent; and (c) the court reporter and videographer.

10. Any documents, transcripts of deposition, answers to interrogatories or pleadings using, referring to or incorporating "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL – ATTORNEYS' EYES ONLY" materials that are sought to be filed with the Court under seal, must be done in conformance with L.R. 79-5-1.

11. Not later than ninety (90) calendar days after final termination of this lawsuit by judgment, settlement or otherwise from which all appeals have been exhausted, all designated items disclosed under the terms of this Order, including all copies thereof and all items derived from such items, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing. If items designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL – ATTORNEYS' EYES ONLY" are destroyed as authorized herein, the party destroying such "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" and/or "OUTSIDE COUNSEL – ATTORNEYS' EYES ONLY" items will provide the disclosing party with written notice certifying that all "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" and/or "OUTSIDE COUNSEL – ATTORNEYS' EYES ONLY" materials have been destroyed.

12. This Order, the fact of its adoption or entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this lawsuit, except to the extent necessary to enforce the terms of this Order.

13.     Nothing in this Order shall preclude any party from applying to the Court for any modification of the Order or for any other or further relief. Nor shall anything in this Order preclude any party from making any claim of privilege as to any information requested by another party. Failure to designate Discovery Materials as Confidential Materials shall not constitute a waiver of any other claim of privilege.

14.     In the event that a disclosing party inadvertently fails to designate any document or information as Confidential Materials pursuant to Sections 4(a)-(e), it may later designate, but not later than ninety (90) calendar days following the production of said documents or information, such document or information by notifying counsel for all receiving parties in writing, identifying the particular documents or information it wishes to so designate. Counsel for the receiving parties shall thereafter: (1) use reasonable efforts to retrieve all such particular documents or information and all copies thereof; (2) mark the particular documents or information and all copies thereof with the appropriate legend as set forth in Section 4 hereof; and (3) treat the document or information and all copies thereof in accordance with the designation. It shall be understood, however, that no person or party shall be considered to have violated the terms of the Agreed Protective Order with respect to any disclosure that occurred prior to receipt of written notice of a belated designation.

15.     In addition to the requirements of Fed. R. Civ. P. 26(b)(5)(B), the inadvertent failure to designate Discovery Materials in accordance with this Protective Order or to withhold information, documents, or other things as subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity, privilege, or exemption from discovery, will not be deemed to waive a later claim as to its privileged nature. If a producing party inadvertently discloses to a receiving party information that is subject to a privilege or immunity, the producing party shall promptly, upon learning of such disclosure, so advise the

receiving party in writing. Moreover, upon review of produced materials, should the receiving party reasonably believe that the producing party inadvertently produced privileged Discovery Materials, the receiving party shall promptly notify the producing party in writing. The producing party shall respond within five (5) business days confirming the privilege status of the Discovery Materials in question. If the producing party notifies the receiving party that privileged Discovery Materials were inadvertently produced, the receiving party shall return all of the identified Discovery Materials within five (5) business days of receipt of the notice from the producing party. The notice from the producing party shall include or be promptly supplemented by a privilege log for the inadvertently produced materials to the receiving party. No party to this litigation shall thereafter assert that such disclosure waived any claim of privilege or immunity. The party returning such inadvertently produced Discovery Materials may seek production of any such documents in accordance with the Federal Rules of Civil Procedure (based on information independent of the content of the allegedly privileged materials in question), but in so doing may not assert that the inadvertent production by the producing party waived any claim of privilege or immunity.  Outside counsel of record shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are over-written in the normal course of business.

    IT IS SO ORDERED.

Date: 10/20/2011

_____
MAGISTRATE JUDGE
ANDREW J. WISTRICH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CANADIAN STANDARDS ASSOCIATION,<br><br>          Plaintiff,<br><br>     vs.<br><br>COMPUCASE CORPORATION, COMPUCASE ENTERPRISE CO., LTD., and NEWEGG INC.,<br><br>          Defendants. | No. 2:10-cv-09659-VBF (AJWx)<br><br>**EXHIBIT A - STIPULATED PROTECTIVE ORDER** |

**UNDERTAKING REGARDING STIPULATED PROTECTIVE ORDER**

I, _____, have read the STIPULATED PROTECTIVE ORDER ("Order") entered by order of the United States District Court for the Central District of California in this lawsuit and know the contents thereof. I understand and agree that I shall not use or disclose, in public or private, any Confidential Materials or information contained therein or information derived therefrom without the prior written consent of the designating party or as otherwise set forth in the Order or permitted or required by an order of the Court. I agree that I will not keep any originals or copies of documents or other materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL for any purpose, unless such documents or other materials were in my possession prior to the commencement of this lawsuit. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: _____

Name: _____

Title: _____

HOUDMS/298036.3

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES